IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GEORGIA LYONS-SAVAGE & RONALD MCNEILL <br><br> Plaintiffs, <br><br> v. <br><br> CARRIE UNDERWOOD, <br> CHRIS DESTEFANO, <br> BRETT JAMES, <br> MARK BRIGHT, <br> SONY MUSIC NASHVILLE, <br> ATLAS HOLDINGS, <br> EMI APRIL MUSIC, INC., <br> EXTERNAL COMBUSTION MUSIC, <br> SONGS OF BRETT, <br> WB MUSIC CORP, and <br> CARRIE OKIE MUSIC <br><br> Defendants | CASE NO.: CV-2017-_____ <br><br> JURY DEMANDED |

**VERIFIED COMPLAINT FOR
COPYRIGHT INFRINGEMENT**

Plaintiffs Georgia Lyons-Savage and Ronald McNeill file this Verified Complaint for Copyright Infringement, and allege as follows:

### I.   JURISDICTION AND VENUE

1. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. This Court has original and exclusive jurisdiction under 27 U.S.C. §§ 1331, 1338(a) and 1338(b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400(a).

## II. PARTIES

3. Plaintiff RONALD VERNON MCNEILL is a Canadian performing artist and composer of music known as "Ron McNeill" ("McNeill").

4. Plaintiff GEORGIA LEE LYONS-SAVAGE is a Canadian performing artist, composer of music and music teacher known as "Georgia Lyons" ("Lyons"). Georgia Savage and Ronald McNeill (together, "Plaintiffs") have collaborated multiple times in the creation of music.

5. Defendant CARRIE MARIE UNDERWOOD ("Underwood"), is a producer of musical recordings and a recording artist and entertainer professionally known as "Carrie Underwood," a composer and/or publisher, and a resident of Tennessee and this judicial district.

6. Defendant CHRISTOPHER MICHAEL DESTEFANO ("DeStefano") is a composer and/or publisher and is a resident of Tennessee and this judicial district.

7. Defendant BRETT JAMES CORNELIUS ("James") is a composer and/or publisher and is a resident of Tennessee and this judicial district.

8. Defendant MARK DAVIS BRIGHT ("Bright") is a producer of musical recordings and is a resident of Tennessee and this judicial district.

9. Defendant SONY MUSIC NASHVILLE ("Sony") is a division of Sony Music Holdings, Inc. f/k/a Sony Music Entertainment, Inc. a Delaware corporation having its principal place of business at 1201 Demonbreun Street, Nashville, TN 37203. Sony may be served with process through its registered agent Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203-1312.

10. Defendant SONGS OF BRETT is an unincorporated business having its principal place of business at 10585 Santa Monica Blvd, Los Angeles, CA 90025.

30178638 v4

2

Case 3:17-cv-01272   Document 1   Filed 09/15/17   Page 2 of 9 PageID #: 2

11. Defendant CARRIE OKIE MUSIC is an unincorporated business having its principal place of business at 1880 Century Park East, Suite 1600, Los Angeles, CA 90067.

12. Defendant EMI APRIL MUSIC is a Connecticut corporation having its principal place of business at 424 Church Street, Suite 1200, Nashville, TN 37219. EMI may be served with process through its registered agent The Prentice-Hall Corporation, 2908 Poston Ave., Nashville, TN 37203-1312.

13. Defendant EXTERNAL COMBUSTION MUSIC is an unincorporated business having its principal place of business at 6 East 39th Street, Suite 1104, New York, NY 10016.

14. Defendant WB MUSIC CORP is a California corporation having its principal place of business at 10585 Santa Monica Blvd, Los Angeles, CA 90025. WB MUSIC CORP may be served with process through its registered agent C T Corporation System, 800 S. Gay St., Suite 2021, Knoxville, TN 37929-9710.

15. Defendant ATLAS HOLDINGS is an unincorporated business having its principal place of business at 6 East 39th Street, Suite 1104, New York, NY 10016.

### III. BACKGROUND FACTS

16. Plaintiffs are well-known recording artists in Canada, with multiple showcases at the Canadian Music Awards and over 40 cuts on other artists' albums. Plaintiffs co-wrote and produced Plaintiffs' album, "Since You Came Along."

17. In August 2012, Plaintiffs composed the chorus, melody, and lyrics to a song entitled "Something In The Water" ("Plaintiff's Composition"), and completed a vocal mix of the demo on September 25, 2012. Plaintiffs are the sole owners of all the rights, title, and interest in and to Plaintiffs' Composition, "Something In The Water".

18. On January 15, 2013, Plaintiffs entered into an agreement with Chris Keaton from "Keaton Music Ventures" ("Keaton") to represent and pitch four of Plaintiffs' compositions including "Something in the Water."

19. On October 15, 2013, Plaintiffs registered the Plaintiffs' Composition with The Society of Composers, Authors and Music Publishers ("SOCAN"). On March 21, 2017, Plaintiffs obtained their United States copyright registration.

20. In or around April 2014, Plaintiffs received their monthly pitch report from Keaton indicating that Keaton had provided a copy of Plaintiffs' Composition to Defendant Bright for Defendant Underwood's consideration in connection with Underwood's upcoming album. The report indicated Defendants had declined to accept Plaintiffs' Composition for use on the upcoming album.

21. Upon information and belief, on or about May 2, 2014, just after declining Plaintiffs' Composition, Defendants Underwood, DeStefano, and James wrote a similar composition entitled "Something In The Water" (the "Infringing Work").

22. Upon information and belief, Underwood, DeStefano and James conveyed their interests in the Infringing Work to Defendants Atlas Holdings, EMI April Music, Inc., External Combustion Music, Songs of Brett, W B Music Corp., and Carrie Okie Music.

23. Bright and Underwood then produced and recorded the Infringing Work and included the Infringing Work on Underwood's album, "Greatest Hits: Decade 1" (the "Album").

24. On September 29, 2014, Sony Music Nashville released the Album containing the Infringing Work as the lead single, both in the United States and internationally.

25. Upon information and belief, labels and packaging for the Album identify Underwood, DeStefano, and James as composers of the Infringing Work and Atlas Holdings,

EMI April Music, Inc., External Combustion Music, Songs of Brett, W B Music Corp., and Carrie Okie Music as the publishers and copyright owners of the Infringing Work.

26. The hook of the Infringing Work, as released on the Album, is structurally and lyrically identical, and substantially similar melodically to Plaintiffs' Composition of the same title. Therefore, the Defendants' version of "Something In the Water" infringes upon Plaintiffs' earlier created work, "Something In the Water."

27. Upon information and belief, the Infringing-Work single was certified platinum in February 2015, the Album was certified platinum in January 2016, and both have continued to generate sales since that time.

28. Since 2014, Defendants have been reproducing, selling, and publicly performing the Infringing Work.

29. As a result, Defendants have derived substantial revenue from the sale of the Infringing Work both in the United States and internationally.

30. Upon information and belief, Defendants acquired access to Plaintiffs' Composition and, within days, set to work composing the Infringing Work. Therefore, Defendants' actions can be considered knowing and willful.

31. Plaintiffs have suffered irreparable harm because of Defendants' actions. By copying the hook of Plaintiffs' Composition, the most memorable and recognizable portion of the song, Defendants have undermined the commercial viability of Plaintiffs' Composition, have deprived Plaintiffs of goodwill, and have injured Plaintiffs' reputation with present and prospective artists and consumers. Remedies at law are not adequate to redress all the injuries that Defendants have caused and continue to cause by their conduct.

## IV.    CLAIM FOR RELIEF: Copyright Infringement
## (17 U.S.C. § 101 et. Seq.)

32. Plaintiffs incorporate by reference paragraphs 1 through 31 above.

33. At all times relevant, Plaintiffs' were the sole owners of all right, title and interest in and to Plaintiffs' Composition.

34. Defendants were provided with access to Plaintiffs' Composition through Keaton and expressly declined to record Plaintiffs' Composition.

35. Defendants knowingly and willfully copied original elements of Plaintiffs' Composition in the Infringing Work, and the Infringing Work is substantially similar to Plaintiffs' Composition. Thereafter, Defendants reproduced, distributed, and publicly performed the Infringing Work for substantial personal and commercial gain.

36. As a direct and proximate result of Defendants' infringing acts, Plaintiffs are entitled to damages in an amount to be proven at trial.

37. Plaintiffs also are entitled to all of Defendants' profits attributable to the infringement, pursuant to 17 U.S.C. § 504, including a full accounting of and constructive trust with respect to such profits.

38. Plaintiffs are further entitled to their attorneys' fees and full costs, as allowed by 17 U.S.C. § 505.

39. As a direct and proximate result of the foregoing acts and conduct, Plaintiffs have sustained and will continue to sustain substantial, immediate, and irreparable injury for which there is no adequate remedy at law. Plaintiffs believe that unless enjoined by this Court, Defendants will continue to infringe Plaintiffs' rights in Plaintiffs' Composition. Plaintiffs are entitled to preliminary and permanent injunctive relief to restrain and enjoin Defendants' continuing infringing conduct.

## V. JURY DEMAND

40. Georgia Lyons-Savage and Ronald McNeill demand trial by jury.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for judgement against all Defendants, and each of them jointly and severally, as follows:

    A.    For damages in such amount as may be found, or as otherwise permitted by law;

    B.    For an accounting of, and the imposition of constructive trust with respect to, Defendants' profits attributable to their infringements of Plaintiffs' copyright in Plaintiffs' Composition;

    C.    For a preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiffs' copyright in Plaintiffs' Composition;

    D.    For prejudgment interest according to law;

    E.    For Plaintiffs' attorneys' fees, costs, and disbursements, in accordance with 17 U.S.C. § 505;

    F.    For such other and further relief as the Court may deem just and proper.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this _____ day of September, 2017.

_____
Georgia Lyons-Savage

_____
Ronald McNeill

## V. RELIEF REQUESTED

WHEREFORE, Plaintiffs pray for judgement against all Defendants, and each of them jointly and severally, as follows:

    1.A.    For damages in such amount as may be found, or as otherwise permitted by law;

    1.A.    For an accounting of, and the imposition of constructive trust with respect to, Defendants' profits attributable to their infringements of Plaintiffs' copyright in Plaintiffs' Composition;

    1.B.    For a preliminary and permanent injunction prohibiting Defendants, and their respective agents, servants, employees, officers, successors, licensees and assigns, and all persons acting in concert or participation with each or any of them, from continuing to infringe Plaintiffs' copyright in Plaintiffs' Composition;

    1.C.    For prejudgment interest according to law;

    1.D.    For Plaintiffs' attorneys' fees, costs, and disbursements, in accordance with 17 U.S.C. § 505;

    1.E.    For such other and further relief as the Court may deem just and proper.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this __8__ day of September, 2017.

_Georgia Lyons_ (signature)
Georgia Lyons-Savage

_Ronald McNeill_ (signature)
Ronald McNeill

September 15, 2017.

                                          */s/ Thomas K. Potter, III*
                                          Thomas K. Potter, III (TN Bar No. 024857)
                                          Payton M. Bradford (TN Bar No. 035053)
                                          Burr & Forman LLP
                                          511 Union Street, Suite 2300
                                          Nashville, TN 37219
                                          Telephone:  (615) 724-3231
                                          Facsimile:  (615) 724-3331
                                          Email: tpotter@burr.com
                                                       pbradford@burr.com

                                          *Counsel for Plaintiffs, Georgia Lyons-*
                                          *Savage and Ronald McNeill*